JOHN GERNAND v. THEODORE SMITH.

Argued February 27, 28, 1901—Decided June 10, 1901.

In this case the weight of the evidence so greatly preponderates against the verdict that a new trial must be granted.

In tort.   On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff, *Thomas F. Noonan, Jr.*

For the defendant, *Henry S. White* and *John Griffin.*

The opinion of the court was delivered by

DIXON, J.   On January 31st, 1898, the plaintiff, a man sixty-nine years of age, who had been employed in the defendant's blacksmith shop for thirty years, was injured, in the shop, by the breaking of a tool called a swedge, and brought this suit to recover damages.   The jury rendered a verdict in his favor, which the defendant now seeks to set aside as unwarranted by the evidence.

The swedge is a large implement, shaped somewhat like a pair of sugar tongs, the ends being solid cubes of iron about four inches in size, and having in each of the adjacent faces a groove, in which a bar of heated iron being placed may be compressed by forcing the cubes into close contact.   In using it, one of the cubes is laid perfectly flat upon an anvil and

is kept there by a workman holding the handles of the swedge, then a bar of iron, having a diameter slightly larger than the groove, is set in the groove, and a steam hammer comes down upon the upper cube with such force as, by repeated blows, to compress the bar into the cylinder formed by the grooves. When injured, the plaintiff was holding the handles of the swedge, and after the hammer had struck two or more blows it was stopped a moment, then it delivered another blow, and a handle of the swedge broke, the fragment out of it flying up against the plaintiff's right cheek and eye.

The lawful success of the plaintiff depends, of course, upon his proving that the swedge broke because of a defect in it, not obvious to him, but discoverable by such inspection as reasonable prudence required of the master.

The only evidence of a defect in the tool was furnished by the testimony of the plaintiff himself, who swore that when he was struck he fell down, and then picked up the broken piece of the iron handle, saw blood upon it, and saw also a black spot on one of the fractured ends, which led him to believe the handle must have been previously cracked; but his eye at once swelled up (his left eye was already blind), and the pain was so severe that he could not tell whether the spot was on the top or side of the end, or what was the appearance of the metal on the rest of the end.

Manifestly, this testimony is entitled to very little weight, when we consider the plaintiff's condition and the probability that the black spot may have been a particle of dirt from the floor of the smithy.

Against this evidence is the testimony of four witnesses, who swore that they examined both ends of the fragment soon after the accident, and they were clean and bright and without sign of flaw. Moreover, the plaintiff, who has been a blacksmith for fifty years, said that the proper mode of testing such a tool was to strike it with a hammer, and "if it is sound, it has a clear voice, and if it is damaged, it has a hollow voice;" and several witnesses testified that, when the swedge was taken from the shelf for use, it was thrown upon top of the furnace, to get "the frost" out of it, so as to

render it less brittle, then was thrown down upon the floor (this being the customary test), then was placed upon the 'anvil, where it was struck at least twice by the steam hammer, and in none of these operations did it give any indication of unsoundness. This testimony of perfect strength in the tool overwhelms the opposing evidence.

It was further proved that, if the swedge was not held firmly flat upon the anvil, the blow of the steam hammer would jar it so violently as to render a fracture not unlikely. In view of the plaintiff's age, an unfortunate lack of steadiness in his grasp of the swedge is by far the more probable way to account for this sad occurrence.

The weight of evidence so greatly preponderates against the verdict that a new trial should be granted.